IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE PILTZ, | ) No. C 07-02175 SBA (PR) |
| Petitioner, | ) **ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS; AND SETTING BRIEFING SCHEDULE** |
| v. | ) |
| CALIFORNIA PAROLE BOARD COMMISSIONER, | ) |
| | ) (Docket no. 4) |
| Respondent. | ) |

Petitioner Leslie Piltz, a state prisoner at the California Department of Corrections and Rehabilitations, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition. Petitioner filed an opposition, and Respondent filed a reply. Having considered the papers submitted, Respondent's motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Petitioner has been serving an indeterminate life sentence since May 27, 1987. (Pet. at 2.) On October 20, 2004, the Board of Parole Hearings (Board) denied Petitioner parole, and the decision became final on February 17, 2005. (Resp't Ex. B.) On June 9, 2005, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on July 26, 2005. (Resp't Ex. D.) On October 3, 2006, Petitioner filed a habeas petition in the state appellate court, which was denied on October 6, 2005. (Resp't Ex. E.) On November 3, 2005, Petitioner filed a habeas petition in the state supreme court, which was denied on August 16, 2006. (Resp't Ex. C.)

Petitioner filed the instant petition on March 30, 2007 in the United States District Court for the Eastern District of California. The petition was transferred to this Court on April 19, 2007.

## DISCUSSION

Respondent challenges the instant petition on three grounds: (1) timeliness; (2) failure to state a claim based on federal law; and (3) failure to exhaust state judicial remedies.

## I. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a state court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole, § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final. Id. at 1066 (limitations period began to run the day after petitioner received timely notice of the denial of his administrative appeal challenging disciplinary decision). The "factual predicate" of the habeas claim is the administrative appeal board's denial of the administrative appeal; it is not the denial of the state habeas petition.[1] Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003). But because prisoners cannot administratively appeal parole decisions as of May 1, 2004, see Cal. Code Regs., tit. 15, § 2050 (repealed May 1, 2004), the statute should begin running on the date the parole denial becomes final, see Redd, 343 F.3d at 1084.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

---

[1] A prisoner challenging an administrative decision does however receive statutory tolling for the period when state habeas petitions are pending. Redd, 343 F.3d at 1084.

either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (Petitioner must invoke "one complete round of the state's established appellate review process.").

The Board denied Petitioner parole on October 20, 2004, but the decision did not become final until February 17, 2005. Petitioner does not dispute that he received timely notice that the Board's parole denial would become final on February 17, 2005, and he offers no evidence to the contrary. Therefore, the limitations period began running on February 17, 2005.[2] Thus, Petitioner had until February 17, 2006 to file his federal habeas petition. The instant petition was not filed until March 30, 2007, which was more than one year after the expiration of the limitations period. Therefore, the instant petition is untimely absent tolling.

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' -- i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the state's post-conviction procedures, by definition it remains "pending." Id. at 220. In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner

---

[2] Petitioner argues he did not receive the hearing transcripts until ninety-five days after the Board's decision. His argument does not affect the timeliness of the instant petition. As mentioned above, the limitations period began to run 120 days after the hearing, and he received his hearing transcripts before the statute began to run.

3

did not "unreasonably delay" in seeking review. Id. at 221-23; accord Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, the Court must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." Carey, 536 U.S. at 225. If a petition is deemed unreasonably delayed, the application would no longer have been "pending" during the period at issue. Id. If the state court does not clearly rule on a petitioner's delay, as is the case here, the federal court must evaluate all "relevant circumstances" and independently determine whether the delay was "unreasonable." Id. at 226.

In the instant case, the limitations period ran from February 17, 2005 to June 9, 2005, for 112 days, before Petitioner filed his superior court petition. Pursuant to Carey, Petitioner is entitled to statutory tolling of the limitations period for the entire time he was pursuing state collateral relief. In sum, the statute resumed running on August 16, 2006, the date the California Supreme Court's denial was final, and ran until March 30, 2007, the date his federal petition was deemed filed, which is 226 additional days. A total of 338 days (112 days plus 226 days) had elapsed before Petitioner filed his federal petition. Therefore, if statutory tolling applies, Petitioner's federal petition would be timely because it was filed twenty-seven days (365 days minus 338 days) before the limitations period expired. However, Respondent's position is that the sixty-nine day gap between the superior court's denial and the filing of Petitioner's appellate court petition was a period of "unreasonable delay" and thus the limitations period should not be tolled for that period. (Mot. to Dismiss at 6-7.)

"In most States a statute sets out the number of days for filing a timely notice of appeal, typically a matter of a few days. California, however, has a special system . . . . Under that system . . . a notice of appeal is timely if filed within a 'reasonable time'." Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (citing In re Harris, 5 Cal. 4th 813, 828 n.7 (1993); Carey, 536 U.S. at 221). "The fact that California's timeliness standard is general rather than precise may make it more difficult for . . . courts to determine . . . when a review application . . . comes too late." Evans, 546 U.S. at 193 (quoting Carey, 536 U.S. at 223). "Nonetheless, the [Court] must undertake that task." Evans, 546 U.S. at 193. "California's system is sufficiently analogous to appellate systems in other States to treat it similarly." Id. (citing Carey, 536 U.S. at 222). "[I]n most states a prisoner who

4

seeks review of an adverse . . . decision must file a notice of appeal . . . and the timeliness . . . is measured in terms of a determinate time period, such as 30 or 60 days." Evans, 546 U.S. at 192. In other words, "California's 'reasonable time' standard [should] not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 200 (citing Carey, 536 U.S. at 222-23). It is clear that six months is not reasonable, because in Evans the Supreme Court noted that six months is far longer than the thirty to sixty days that most states provide for filing an appeal, and held that an unjustified or unexplained six-month delay between post-conviction applications in California is not "reasonable" and so does not fall within Carey's definition of the term "pending." Id.; see Gaston v. Palmer, 447 F.3d 1163, 1167 (9th Cir. 2006) (after Evans, revising original opinion in 417 F.3d 1030, 1040 (9th Cir. 2005), and finding no gap tolling during delays of ten, fifteen and eighteen months between California habeas petitions). It can also be fairly inferred from the Supreme Court's reference to the usual thirty or sixty day periods provided by states with determinate deadlines that a delay of sixty days would not be unreasonable. Thus, the extremes of "reasonable time" have been set fairly clearly -- sixty days and six months.

The language in Evans referred to above -- that most states find thirty to sixty days to be reasonable -- seems to imply that delays are reasonable only if they are of roughly that magnitude, thirty to sixty days. More conclusive is the Supreme Court's statement that in determining whether a delay is reasonable "the [Ninth] Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other states, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." Evans, 546 U.S. at 199-200 (citing Carey, 536 U.S. at 222-223). "California, of course, remains free to tell us if, in this respect, we were wrong." Evans, 546 U.S. at 200.[3]

In the instant case, the Court finds that the delay of sixty-nine days to seek higher state court review could still be considered within the "reasonable" delay of thirty to sixty days in Evans.

---

[3] No California case has held that the Supreme Court was wrong.

5

Applying <u>Evans</u>, other California federal district courts, including this Court, have held that delays longer than the sixty-nine day delay in the instant case were unreasonable. See <u>Livermore v. Watson</u>, 556 F. Supp. 2d 1112, 1117 (E.D. Cal. 2008) (finding seventy-eight day delay unreasonable), <u>Bridges v. Runnels</u>, 2007 WL 2695177, at *2 (E.D. Cal. Sept. 11, 2007) (finding seventy-six day delay unreasonable); <u>Dorthick v. Hamlet</u>, 2007 WL 1430041, at *3 (N.D. Cal. May 14, 2007) (97 day and 174 day delays were unreasonable); <u>Forrister v. Woodford</u>, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (finding eighty-eight day delay unreasonable). Therefore, the Court finds that Petitioner is entitled to statutory tolling during the sixty-nine day period that he waited before seeking higher court review.

Accordingly, Petitioner's federal habeas petition was filed within the one-year limitations period because he is entitled to statutory tolling of the entire period that he was pursuing state collateral relief. As mentioned above, Petitioner filed his federal petition twenty-seven days before the limitations period expired. Therefore, the statute of limitations in 28 U.S.C. § 2244(d)(1) does not bar the instant petition. Thus, Respondent's motion to dismiss the petition as untimely is DENIED.

## II.   **Failure to State a Claim Based on Federal Law**

Respondent claims that Petitioner fails to allege violations of federal law or the federal constitution as to his claims regarding: (1) the standard of review used by California courts in reviewing parole consideration hearings; (2) the standard of evidence used by the Board; and (3) the state courts' and the Board's interpretation of <u>In re Dannenberg</u>, 34 Cal. 4th 1061 (2005), as applied to parole hearings. (Mot. to Dismiss at 3.)

Petitioner's claims regarding the standard of review used by California courts in reviewing parole consideration hearings and their interpretation of <u>In re Dannenberg</u> are not cognizable under § 2254, because errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. See <u>Ortiz v. Stewart</u>, 149 F.3d 923, 939 (9th Cir. 1998); <u>Gerlaugh v. Stewart</u>, 129 F.3d 1027, 1045 (9th Cir. 1997); <u>Villafuerte v. Stewart</u>, 111 F.3d 616, 632 n.7 (9th Cir. 1997); <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir.), <u>cert. denied</u>, 493 U.S. 1012 (1989). Such

errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. See id. They instead generally pertain to the review process itself and not to the constitutionality of a state conviction. See, e.g., 28 U.S.C. § 2254(I) (claims of ineffective assistance of state or federal post-conviction counsel not cognizable on federal habeas review); Franzen, 877 F.2d at 26 (delay in state habeas proceeding not addressable in federal habeas). Therefore, Petitioner's claims regarding the state courts' standard of review and their interpretation of In re Dannenberg fail to state a basis for federal habeas review. Thus, Respondent's motion to dismiss these claims is GRANTED because Petitioner fails to allege violations of federal law or the federal constitution.

The Court finds the remaining two claims Respondent challenges sufficiently state a cognizable basis for federal habeas relief. Petitioner claims that the Board's application of the "some evidence" standard was the wrong evidence standard and violated his federal due process rights. (Pet. Attach. at 1.) Petitioner also challenged the Board's interpretation of In re Dannenberg. (Id.) Although In re Dannenberg is a California state case, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue. Roberts v. Dicarlo, 296 F. Supp. 2d. 1182, 1186 (C.D. Cal. 2003) (citing Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc)). Petitioner challenges the Board's application of In re Dannenberg in relation to the evidentiary standards used at parole hearings. (Pet. Attach. at 4.) Therefore, these claims present a cognizable basis for federal habeas relief. Thus, the Court DENIES Respondent's motion to dismiss these claims for failing to allege violations of federal law or the federal constitution.

### III.     Exhaustion

Respondent contends that the petition should be dismissed because it includes both exhausted and unexhausted claims. Because the Court has dismissed certain claims for failing to state a basis for federal habeas relief, the remaining claims that Respondent argues are unexhausted only include: (1) Petitioner's challenge to the standard of evidence used by the Board, i.e., his "some evidence" claim; (2) his challenge to the Board's interpretation of In re Dannenberg, as applied to parole consideration hearings; and (3) his claim that the Board failed to recognize Petitioner's federally

7

protected liberty interest in parole.[4]  (Mot. to Dismiss at 4.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  A petition that contains both exhausted and unexhausted claims is referred to as a "mixed" petition.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).  A federal district court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition.  See Rose, 455 U.S. at 522.

Petitioner's claim relating to his liberty interest in parole, although true,[5] is not a ground for relief.  Therefore, whether it is exhausted or not is irrelevant.  This claim is summarily dismissed.

As to Respondent's two remaining arguments, the Court finds that Petitioner's state supreme court petition contains references to the "some evidence" standard and citations to In re Dannenberg.  Section II-A of that petition is entitled "The Parole Board's Decision Was Not Support [sic] By Any Evidence."  (Resp't Ex. C. at 15-16.)  This section contains citations to all of the relevant cases dealing with the "some evidence" standard and the application of their rules to Petitioner's case, including: In re Dannenberg and In re Rosencrantz, 29 Cal. 4th 616 (2002).  (Resp't Ex. C. at 15-18.)  For example, Petitioner cites to In re Dannenberg as support for his assertion that "the Board abuses its discretion if it makes factual findings that are not supported by the record."  (Id. at 15.)  Furthermore, Petitioner argues that "[w]hen the facts of Petitioner's offense are considered in relation to the time served and performance in prison, continual confinement based solely on the nature of

---

[4] Petitioner also claims that his federal due process rights were violated when the Board denied him parole. However, Respondent does not argue that this claim is unexhausted. (Mot. to Dismiss at 4.)

[5] The argument that California statute does not create a liberty interest in parole has been rejected by the United States Court of Appeals for the Ninth Circuit. See Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1125 (9th Cir. 2006) ("California inmates continue to have a liberty interest in parole after [In re Dannenberg].").

8

Petitioner's offense is constitutionally excessive." (Id. at 26.) While Petitioner does allege the Board should be estopped from relying upon the same evidence to support a different decision, he claims the Board's 2004 decision was not supported by "some evidence." (Id.) Therefore, the Court concludes Petitioner exhausted his "some evidence" claim as well as his claim challenging the Board's interpretation of In re Dannenberg. Thus, the Court DENIES Respondent's motion to dismiss these claims as unexhausted.

## CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss (docket no. 4) is GRANTED in part and DENIED in part.

2. Petitioner's claims regarding the state courts' standard of review and interpretation of In re Dannenberg are DISMISSED without leave to amend.

3. Petitioner's claim relating to his liberty interest in parole is summarily DISMISSED.

4. Respondent is directed to SHOW CAUSE why the petition should not be granted as to the remaining claims and the parties shall abide by the scheduling order below:

    a. Respondent shall file with the Court and serve upon Petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant parole suitability hearing records and any other state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    b. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed

"NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6.     Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

7.     Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

8.     This Order terminates Docket no. 4.

IT IS SO ORDERED.

DATED: September 30, 2008

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LESLIE PILTZ,

        Plaintiff,

v.

CALIFORNIA PAROLE BOARD
COMMISSIONER et al,

        Defendant.

Case Number: CV07-02175 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leslie Piltz D58060
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: October 1, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk